UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

JOSE MONCLOVA, :

                    Petitioner, :

     -against- :

DAVID M. UNGER, :

                    Respondent. :

------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/20/14
```

**REPORT AND
RECOMMENDATION
TO THE HONORABLE
ANALISA TORRES**

12 Civ. 1127 (AT) (FM)

**FRANK MAAS,** United States Magistrate Judge.

      Pro se petitioner Jose Monclova ("Monclova") brings this habeas proceeding pursuant to 28 U.S.C. § 2254 ("Section 2254") to challenge his conviction, following a jury trial in Supreme Court, New York County, on one count of Grand Larceny in the Third Degree, two counts of Grand Larceny in the Fourth Degree, and one count of Criminal Possession of Stolen Property. Justice Gregory Carro, before whom the case was tried, sentenced Monclova, as a second felony offender, to prison terms which, in the aggregate, amounted to a sentence of seven and one-half to fifteen years. The Appellate Division later reduced that to an aggregate sentence of five and one-half to eleven years. Monclova is serving that sentence at the Wallkill Correctional Facility.

      In his petition, (ECF No. 2) ("Petition" or "Pet."), Monclova incorporates by reference each of the claims raised on his direct appeal. He thus asserts that his conviction should be set aside because (a) the evidence with respect to the Grand Larceny

in the Fourth Degree counts was legally insufficient and the verdict regarding those counts was against the weight of the evidence; (b) the arresting officers' warrantless search of his messenger bag violated his Fourth Amendment rights; (c) the People failed to establish that his fiancé voluntarily consented to a search of their shared apartment; and, possibly, (d) his sentence was too harsh.  As set forth below, two of these grounds cannot be considered on habeas review; the others do not entitle him to any relief.

I.  Factual and Procedural Background

    A.  Relevant Facts

Although the courtesy copy of the Respondent's Answer contains several exhibits, the transcripts of the proceedings in this case have been furnished only in electronic form.  (See ECF Nos. 18-8, 18-9).  Because the hearing and trial testimony appears undisputed, I have taken the liberty of not providing transcript citations in this Report and Recommendation.  Additionally, because the testimony at the trial did not materially vary from that received at the suppression hearing, I have not discussed those proceedings separately.

Viewed in the light most favorable to the People, as it must be, the trial testimony established as follows:

On December 19, 2007, several police officers arrested Monclova for riding a bicycle recklessly on the sidewalk adjacent to a New York City Housing Authority

complex, in violation of the New York City Administrative Code.[1]  A post-arrest search of his person yielded three bags of jewelry, including several rings, earrings, and a bracelet, and a New York Mets souvenir medal, all of which Monclova claimed to have found.  The police also conducted a warrantless search of Monclova's messenger bag, which resulted in the discovery of a laptop computer.  A more thorough search at the precinct subsequently led the police to discover a credit card in the name of Christopher Ryan in Monclova's wallet.  Later that night, after being told that the police would obtain a search warrant if she failed to consent, Monclova's fiancé agreed to let the police search the apartment that she and Monclova shared.  That search led to the seizure of a flat screen television, a ring, two wine bottles, and a pair of scissors with four blades.  The following day, Monclova's fiancé surrendered to the police another ring that she had been wearing.

        Four victim witnesses testified about burglaries of their apartments.  Three of the four lived on West Eighth Street in Manhattan in buildings managed by Buchbinder & Warren; the other victim lived across the street from those buildings.  The burglaries of their apartments took place between October 3 and December 12, 2007.  Several months earlier, Buchbinder & Warren had hired Monclova to work as a porter; he therefore had keys to the Buchbinder & Warren buildings where three of the burglaries occurred.  Following Monclova's arrest, the victims were able to identify items stolen from them

---

[1] Section 19-176 of the Code makes it a misdemeanor to ride a bicycle on a sidewalk (unless permitted by an official sign) in a manner that endangers any other person. N.Y.C. Admin. Code § 19-176(c).

that had been found on Monclova's person or in his apartment.

In particular, victim Christopher Ryan identified a flat screen television and a Mets medallion that had been taken from his apartment along with an expired credit card. Ryan had purchased the television around March 2007 for approximately $1,500. After it was stolen, he replaced it with a new television that cost approximately $1,300. Once it was recovered, however, he sold the replacement television at a loss because he preferred his original television, which was in working order.

Victim Karoline Barwinski testified that the laptop computer stolen from her apartment had been purchased for her by her father in 2004 for "a little bit more than $2,000." At the time it was taken it was fully operational and "looked like a brand new laptop."

B. Monclova's Appeal

In his appeal to the Appellate Division, First Department, Monclova raised the four claims that he continues to press before this Court. Thus, he contended that (a) the evidence with respect to the Grand Larceny in the Fourth Degree counts was legally insufficient and the verdict regarding those counts was against the weight of the evidence; (b) the arresting officers' warrantless search of his messenger bag violated his Fourth Amendment rights; (c) the People failed to establish that his fiancé voluntarily consented to a search of their shared apartment; and (d) his sentence was too harsh. In addition, Monclova initially argued that the evidence was insufficient, and the verdict was against the weight of the evidence, with respect to his convictions on the counts of Grand

4

Larceny in the Third Degree and Criminal Possession of Stolen Property. He withdrew those claims after the People correctly noted that Monclova had stipulated at trial that "the total value of the property stolen in count five [charging Grand Larceny in the Third Degree] . . . and the aggregate value of the stolen property found in his possession for count eight [charging Criminal Possession of Stolen Property] exceeded $3,000." (See ECF No. 18-3 at 2).

In its decision, the Appellate Division held that Justice Richard D. Carruthers properly had found, after the suppression hearing, that Monclova's fiancé voluntarily consented to the search of their apartment. People v. Monclova, 931 N.Y.S.2d 322, 324 (1st Dep't 2011). The court further concluded that Monclova's Fourth Amendment claim related to the search of his messenger bag was "both unpreserved and unreviewable for lack of a proper factual record." Id.

The Appellate Division then turned to the sufficiency of the evidence regarding Counts Six and Seven of the indictment, charging Monclova with the crime of Grand Larceny in the Fourth Degree in connection with the theft of the television and laptop, respectively. That crime requires the value of the items taken to have exceeded $1,000 at the time of the theft. See N.Y. Penal Law § 155.30(1). The court found that the evidence that the laptop computer cost slightly more than $2,000 three years earlier and was in good condition, without more, would have required the jury to speculate that its value exceeded the statutory floor at the time it was taken. Monclova, 931 N.Y.S.2d at 324. Accordingly, the Appellate Division reduced the conviction on Count Seven to a

5

conviction for petit larceny and resentenced Monclova on that charge to time served. Id. at 323-24.

The court reached a different result with respect to the television that was the subject of Count Six. As the court explained, that item had been purchased only nine months earlier for $1,500 and the television purchased as its replacement cost $1,300. Additionally, when the stolen television was returned to its owner, he preferred it to his recently-purchased $1,300 television, which he then sold at a loss. This evidence, the court found, provided "a sufficient basis for the jury to infer, rather than merely speculate, that the television's value at the time of the theft still exceeded $1,000. Id.

Monclova's counsel sought leave to appeal to the New York Court of Appeals on each issue raised in his brief before the Appellate Division. (See ECF No. 18-5).[2] On December 20, 2011, Judge Robert S. Smith of the Court of Appeals denied that application. People v. Monclova, 18 N.Y.3d 861 (2011).

Monclova then timely filed his Petition on February 9, 2012. (ECF No. 2 at 1).

II.   Discussion

    A.   Standard of Review

A habeas corpus petition is not a vehicle to relitigate every issue previously determined in state court. Herrera v. Collins, 506 U.S. 390, 401 (1993). Rather, a state

---

[2] On page one of his letter to Chief Judge Lippman, Monclova's appellate counsel stated that there are "three issues on appeal." (ECF No. 18-5 at 1). Counsel ended that letter, however, by declaring that "[l]eave is sought on all the issues contained in Defendant-Appellant's brief, including the . . . Federal Constitutional issues contained therein." (Id. at 2).

prisoner seeking habeas relief under Section 2254 must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petitioner bears the burden of proving, by a preponderance of the evidence, that his rights have been violated. Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997).

Section 2254, as amended by AEDPA, provides, in part, that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)(1) (emphasis added).

As the Second Circuit noted in Jones v. Stinson, the Supreme Court has "construed the amended statute so as to give independent meaning to 'contrary [to]' and 'unreasonable.'" 229 F.3d 112, 119 (2d Cir. 2000). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" clause, a federal habeas court should "ask whether the state court's application of clearly

established federal law was objectively unreasonable." Id. at 409. This standard does not require that reasonable jurists would all agree that the state court was wrong. Id. at 409-10. Rather, the standard "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" Jones, 229 F.3d at 119 (quoting Francis S. v. Stone, 221 F.3d 100, 109 (2d Cir. 2000)).

Section 2254(d)(2) also authorizes the federal courts to grant a habeas writ when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Finally, to the extent that a habeas petition challenges factual findings, Section 2254(e)(1) provides that "a determination of a factual issue by a State court shall be presumed to be correct" and "[t]he [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

"If, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody . . . violates the Constitution, that independent judgment should prevail." Williams, 529 U.S. at 389.

B.  Sufficiency of the Evidence

Monclova evidently contends that the evidence with respect to Count Seven, charging him with Grand Larceny in the Fourth Degree in connection with the theft of victim Ryan's flat screen television, was against the weight of the evidence and legally insufficient.

"A challenge to a verdict based on the weight of the evidence is different from a challenge based on the sufficiency of the evidence; both state and federal courts in New York have recognized that an argument based on the 'weight of the evidence' is purely a state law claim grounded in New York Criminal Procedure Law § 470.15(5), whereas a legal sufficiency claim is based on federal due process principles." Minigan v. Donnelly, 01-CV-0026A (VEB), 2007 WL 542137, at *13 (W.D.N.Y. Feb. 16, 2007) (emphasis in original) (citing People v. Bleakley, 69 N.Y.2d 490, 495 (1987)), report and recommendation adopted, 01-CV-026, 2007 WL 981762 (W.D.N.Y. Mar. 30, 2007). Because habeas review is not available to remedy alleged errors of state law, see 28 U.S.C. § 2254(a), "courts in this Circuit consistently have held that weight-of-the-evidence claims are not cognizable on federal habeas review." Minigan, 2007 WL 542137, at *13 (citing Garrett v. Perlman, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006); Douglas v. Portuondo, 232 F. Supp. 2d 106, 116 (S.D.N.Y. 2002); Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001); and Soundiata v. Artus, No. 04 Civ. 1412 (DAB) (KNF), 2007 WL 143061, at *5 (S.D.N.Y. Jan. 12, 2007)).

A sufficiency of the evidence claim, on the other hand, is cognizable on habeas review. A federal court reviewing the sufficiency of the evidence underlying a state court criminal conviction must "determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979). To prevail, the petitioner must show that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Einaugler v. Sup. Ct. of

9

the State of N.Y., 109 F.3d 836, 839 (2d Cir. 1997); Bossett v. Walker, 41 F.3d 825, 830 (2d Cir. 1994) (quoting Jackson, 443 U.S. at 324). In determining whether this standard has been met, a habeas court must view the evidence in the light most favorable to the prosecution and draw all permissible inferences in its favor. Jackson, 443 U.S. at 319. A petitioner challenging the sufficiency of the evidence therefore bears a "very heavy burden." Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002).

In determining the sufficiency of the evidence underlying a state court conviction, a federal court "must look to state law to determine the elements of the crime." Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999); see Jackson, 443 U.S. at 324 n.16 (sufficiency claim must be decided "with explicit reference to the substantive elements of the criminal offense as defined by state law"). In this case, the applicable state law is the New York Penal Law. Under the Penal Law, Grand Larceny in the Fourth Degree requires a showing, insofar as relevant, that (1) Monclova stole property, and (2) the "value of the property exceeds one thousand dollars." N.Y. Penal Law § 155.30(1). The value of property, in turn, is determined by its "market value . . . at the time and place of the crime." People v. Correa, 900 N.Y.S.2d 446, 447 (2d Dep't 2010).

Here, it necessitated no leap of faith for a juror to find that a flat screen television purchased for approximately $1,500 only nine months before Monclova stole it, would still have traded for more than $1,000. Indeed, the television that Ryan purchased to replace the stolen television itself cost $1,300, and that television was apparently less desirable than the original one since Ryan chose to dispose of it, rather

10

than the original television, once he found himself with two televisions.  Since a rational juror could conclude from this evidence that Monclova had stolen an object of the requisite value, Monclova's constitutional claim of evidentiary insufficiency does not entitle him to habeas relief.

      C.      Fourth Amendment Claims

Tracking his state law appeals, Monclova asserts that the search of his messenger bag following his arrest and the search of the apartment that he shared with his fiancé both violated the Fourth Amendment.  It is well established, however, that "federal habeas corpus relief is not available on the ground that evidence produced at trial was the result of an unconstitutional search and seizure, unless the state denied the prisoner an opportunity for full and fair litigation of the claim."  Grey v. Hoke, 933 F.2d 117, 121 (2d Cir. 1991) (citing Stone v. Powell, 428 U.S. 465 (1976)).  Thus, a Fourth Amendment claim can provide the basis for habeas relief only when (1) the state has provided no corrective procedures to redress the alleged Fourth Amendment violations, or (2) there is a corrective mechanism, but the defendant was unable to use it because of an "unconscionable breakdown in the underlying process."  Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992) (citing Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977) (en banc)).

The State of New York unquestionably has provided defendants such as Monclova with the necessary corrective procedures through Section 710 of the New York Criminal Procedure Law ("CPL").  See Capellan, 975 F.2d at 70 n.1 ("[F]ederal courts

have approved New York's procedure for litigating Fourth Amendment claims, embodied in [CPL] § 710.10 et seq. (McKinney 1984 & Supp. 1988), as being facially adequate.") (quoting Holmes v. Scully, 706 F. Supp. 195, 201 (E.D.N.Y. 1989)); Vega v. Artuz, No. 97 Civ. 3775 (LTS) (JCF), 2002 WL 252764, at *12 (S.D.N.Y. Feb. 20, 2002). Therefore, in order to secure habeas relief on the basis of his Fourth Amendment claim, Monclova must demonstrate that there was some sort of "disruption or obstruction" rising to the level of an "unconscionable breakdown" of state procedure. Capellan, 975 F.2d at 70 (quoting Shaw v. Scully, 654 F. Supp. 859, 864 (S.D.N.Y. 1987)).

The Second Circuit has instructed that the focus of the "unconscionable breakdown" inquiry is on the adequacy of the "corrective procedures themselves," rather than the "correctness of the outcome" resulting from the application of those procedures. Capellan, 975 F.2d at 71 (emphasis in original). A habeas petitioner thus cannot obtain review of a Fourth Amendment claim simply because a federal court disagrees with the state court's application of state procedural rules. Id.

In this case, Justice Carruthers held a suppression hearing at which Monclova was able to present evidence and cross-examine the People's witnesses. Following that hearing, the Justice found that the police had not coerced Monclova's fiancé into allowing a search of her apartment. And although Monclova did not contest the search of his messenger bag at the hearing, his own failure to do so obviously does not constitute an "unconscionable breakdown" in the underlying process. This Court consequently cannot consider Monclova's Fourth Amendment claims.

      D.      <u>Sentence Claim</u>

In his Petition, Monclova specifically set forth the three claims considered above. In addition, below an instruction stating "attach additional papers as necessary," he handwrote "see Table of contest [sic]." (Pet. at 5). Since the attached table of contents for his original brief to the Appellate Division contains a challenge to his sentence on Fourteenth Amendment grounds, his Petition may be construed as continuing to challenge his sentence, even though the Appellate Division reduced it after setting aside one of his grand larceny convictions.

"No federal constitutional issue is presented" when a defendant's sentence is "within the range prescribed by state law." <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992) (<u>per</u> <u>curiam</u>); <u>accord</u> <u>Taylor v. Poole</u>, No. 07 Civ. 6318 (RJH) (GWG), 2009 WL 2634724, at *21 (S.D.N.Y. Aug. 27, 2009). In his Petition, Monclova does not dispute that the various sentences imposed by Justice Carro, as modified by the Appellate Division, fall within the strictures of state law. There consequently is no basis upon which this Court could grant Monclova any relief with respect to the sentence he is serving, and this claim as well must be denied.

III.     <u>Conclusion</u>

For the foregoing reasons, the Petition should be denied. Furthermore, because Monclova has not made the substantial showing of the denial of a constitutional right required by 28 U.S.C. § 2253(c)(2), a certificate of appealability should not issue.

IV.     Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres, United States District Judge, and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Torres. The failure to file timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

SO ORDERED.

Dated:      New York, New York
            February 20, 2014

                                                            _____
                                                            FRANK MAAS
                                                            United States Magistrate Judge

14

Copies to:

Jose Monclova            (via U.S. Mail)
DIN # 09-A-5682
Wallkill Correctional Facility
Post Office Box G
Wallkill, New York 12589-0286

Leilani Julia Rodriguez     (via ECF)
Assistant Attorney General